**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LKQ CORPORATION, and KEYSTONE AUTOMOTIVE INDUSTRIES, INC., | |
| Plaintiffs, | Civil Action No. 1:21-cv-03167 |
| v. | The Honorable Edmond E. Chang |
| HYUNDAI MOTOR AMERICA, INC. and HYUNDAI MOTOR COMPANY | |
| Defendants. | |

**JOINT STATUS REPORT**

Pursuant to the Court's March 31, 2023 order (Dkt. No. 69), the parties in the above-captioned matter hereby submit to the Court this Joint Status Report.

Hyundai has decided not to refile its motion to dismiss. Accordingly, LKQ does not plan on seeking any jurisdictional discovery, and so the parties do not propose any deadlines therefor.

With Hyundai's motion to dismiss resolved, LKQ believes Hyundai should file its answer on or before April 14, 2023, in accord with the time frames set forth in F.R.C.P. 12(a)(4)(A). Hyundai believes that this case should be stayed until there is a final determination in the related ITC investigation. The parties' respective positions are set forth in detail below.

**LKQ's Statement:**

LKQ filed the instant action on June 11, 2021, to remove a cloud over its business caused by Hyundai sending a cease-and-desist letter to LKQ and suing LKQ's supplier, seeking a declaration that 15 Hyundai design patents were either invalid or not infringed by LKQ. Dkt. No. 1. On September 21, 2021, Hyundai moved to dismiss. Dkt. No. 20. On October 1, 2021, this Court *sua sponte* ordered that "litigation deadlines and discovery (both merits and persona[sic]-

1

jurisdiction) are stayed for now in light of the motion to dismiss." Dkt. No. 25. Accordingly, LKQ has been prevented for nearly two years from vindicating its claims that 15 Hyundai design patents are either not infringed or invalid.

While Hyundai's motion to dismiss was pending, Hyundai filed a complaint before the ITC alleging infringement of 21 patents, discovery was completed (in five months), a trial was conducted, the ALJ issued his findings, and the petitions for review by the full International Trade Commission have been briefed. Dkt. No. 63-5.

As to Hyundai's request to further stay this first-filed case pending the resolution of the ITC proceeding, "including exhaustion of all appeals,"[1] there will be no simplification of the issues before this court. While many of the patents involved in the ITC proceeding overlap with the patents-at-issue herein, there are three patents at issue in this case that are not at issue before the ITC. More importantly, the fact that any of the patents at issue herein are at issue in the ITC is irrelevant and certainly does not support a stay as ITC determinations are not binding upon district courts. *See Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) ("The Commission's findings neither purport to be, nor can they be, regarded as binding interpretations of the U.S. patent laws in particular factual contexts . . . Based on this legislative history, we have stated that Congress did not intend decisions of the ITC on patent issues to have preclusive effect.") (citations omitted); *see also Texas Instruments, Inc. v. United States Int'l Trade Comm'n*, 851 F.2d 342, 344 (Fed. Cir. 1988); *Saxon Innovations, LLC v. Palm, Inc.*, No. 6:09-CV-272, 2009 WL 3755041, at *2 (E.D. Tex. Nov. 4, 2009) ("Determinations by the ITC are not binding on this Court."). In other words, the ITC's findings do not preclude LKQ from challenging

---

[1]     While the parties quickly determined after this Court's Order that Hyundai would not pursue its motion to dismiss any further, Hyundai waited until mid-afternoon on April 11 (the day before this status report was due to be filed) before informing LKQ of its plan to seek a continuation of the existing stay, despite LKQ reaching out to Hyundai on April 6 seeking its position as to when it could file it answer.

the validity or arguing for noninfringement of Hyundai's patents in the district court. As such, staying this case will not simplify the issues. *Draeger Med. Sys., Inc. v. Atom Med. Int'l, Inc.*, No. 212CV512FTM38DNF, 2013 WL 12147773, at *3 (M.D. Fla. Dec. 12, 2013) (citations omitted) ("The ITC proceeding will not simplify this action or streamline issues at trial... [T]he ITC proceeding is not binding on this Court…. Accordingly, this factor weighs in favor of not staying this matter.")

Nevertheless, Hyundai argues that a stay "would likely narrow the issues" and suggests this court should be guided by the ITC determinations. Not only are these arguments factually and legally erroneous, [2] as seen above, they are disingenuous. In connection with the briefing associated with LKQ's motion to lift the stay of discovery (Dkt. No. 61), Hyundai made these same arguments. So, LKQ asked Hyundai: "whether Hyundai (and Kia for that matter) is willing to enter into a stipulation now that it will be bound by any adverse rulings in the ITC such that LKQ will be entitled to judgment on those issues in the district court. More specifically, will Hyundai stipulate that it will enter into a stipulated judgment as to each finding in the ITC that the Hyundai (and Kia) patents-in-suit are either invalid or not infringed?" Dkt. No. 67-3. LKQ raised this issue a second time during a telephonic meet and confer on November 17, 2022, but Hyundai refused to discuss the issue at that time. *Id.* Later that day, however, Hyundai asserted it was "premature" to discuss any such stipulation. *Id.* In other words, Hyundai asks this Court to keep

---

[2] Given the ITC's rush to judgment, it would be particularly inappropriate for this court to be "guided" by the ITC proceedings. Hyundai does not mention that LKQ was forced to litigate a 21-patent case with just 5 months of discovery – at the same time that it was litigating a 20-patent case against Hyundai's sister company, Kia, also brought in the ITC at the same time. Worse, in the middle of discovery, there was the first ever 100-day proceeding, further undermining LKQ's ability to fully litigate the case. Indeed, after the trial in the ITC, LKQ learned through the co-pending district court case involving Kia that Hyundai had withheld approximately 22,000 pages of critical documents demonstrating the invalidity of certain Hyundai patents at issue here and further highlighting why it was simply unfair to force such a "rush to judgment" in the ITC and why any ruling from the ITC will not narrow the issues here. See Dkt. No. 66 at 3.

discovery stayed "until a final determination is reached by the U.S. International Trade Commission ("ITC") in the parallel ITC investigation involving Hyundai and LKQ, *including exhaustion of all appeals*" ——in the hope that Hyundai will accept any ITC losses here, while simultaneously refusing to commit to that position.[3]  Hyundai's argument is disingenuous, illusory, and cannot support keeping the stay in place.

Hyundai cites *FormFactor, Inc. v. Micronics Japan Co.*, No. CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) in support of its requested stay.  But in that case, the alleged infringer was the party requesting the stay.  Here, the alleged infringer—LKQ—is adamantly opposed to any further stay given the prejudice discussed below.

Similarly, Hyundai cites *Google Inc. v. Creative Labs, Inc.*, No. 16-CV-02628-JST, 2016 WL 6947564 (N.D. Cal. Nov. 28, 2016) in support of its requested stay.  But the facts of that case demonstrate its inapplicability here.  More specifically, the patentee's patents were found invalid at the ITC and the investigation terminated.  And while the patentee planned on appealing, delaying the alleged infringer's declaratory judgment case did not harm the alleged infringer because it was not facing an exclusion order.  In contrast, here, LKQ is facing an exclusion order and so any further delay in vindicating its rights is prejudicial to LKQ and demonstrates why further continuing the stay would be inappropriate.

Finally, Hyundai cites *Nobel Biocare Servs. AG v. Neodent USA, Inc.*, No. SACV141322DOCDFMX, 2014 WL 12573966, at *2 (C.D. Cal. Dec. 5, 2014).  But in that case, the Court relied heavily on the argument that the ITC proceeding could narrow the issues.  But that is not the case here.  As explained above, both LKQ and Hyundai have made clear that this case will need to proceed regardless of what happens before the ITC.

---

[3]     Hyundai's requested stay while of an undetermined length, if granted, would likely prevent the parties from beginning discovery until mid-2024, effectively staying this case for three years.

4

Again, delaying this litigation will not simplify issues, but it will unfairly prejudice LKQ. In the event LKQ were ultimately to be unsuccessful at the ITC, but successful here, delaying this litigation risks an Exclusion Order being in place longer than it otherwise would have been. Litigating this case will likely take two years. By continuing to permit Hyundai to delay, Hyundai will be able to artificially extend its monopoly on the covered automotive replacement parts.

LKQ will be further prejudiced by delay inasmuch as courts generally recognize that discovery stales and memories fade as a result of stays, and this weighs against a stay. *See Humanscale Corp. v. CompX Int'l. Inc.*, No. CIV.A. 3:09CV86, 2009 WL 1444312, at *3 (E.D. Va. May 21, 2009) (noting that granting a stay of two to four years would provide the staying party with a competitive advantage and result in relevant discovery becoming stale); *Cooper Notification, Inc. v. Twitter, Inc.*, No. CIV. 09-865-LPS, 2010 WL 5149351, at *4 (D. Del. Dec. 13, 2010) (with respect to patent cases, evidence that "exists in the minds of witnesses, whose memories will inevitably fade, and who may be difficult to find as time passes" will result in claims being "harder to prove years from now."); *Todd v. Montoya*, No. CIV 10-0106 JB/RLP, 2011 WL 13286329, at *6 (D. N.M. Jan. 18, 2011) (lifting stay of discovery after deciding a summary judgment motion, reasoning that "Discovery has been delayed an unduly long period of time—approximately eight months. It is no longer premature to begin discovery."). Indeed, LKQ is already seeing the delay become an issue with critical design and development documents already having gone missing without any explanation. In the co-pending Kia district court case, 8 out of 21 of the named inventors—all of whom are Hyundai employees—no longer have the relevant design and development documents impacting 11/21 patents. *LKQ v. Kia Motors*, Case No. 21-cv-03166, Dkt. No. 123 at 3. And while Kia (or Hyundai) have generally refused to provide an explanation, they have argued that: "A logical deduction that certain inventors' possession of

digital copies of old work may have simply been lost in the sands of time is compelled by inventor testimony and a basic recognition of archival entropy." *LKQ v. Kia Motors*, Case No. 21-cv-03166, Dkt. No. 213 at 10. And so the "archival entropy" Kia implies is to blame for the loss of critical design and development documents is even more a factor here as this case has already been stayed for 18 months and if the Court agrees with Hyundai, some undetermined additional amount of time.

Finally, Hyundai argues that, "[c]ontinuation of the stay in this case would avoid prejudice to Hyundai because the California Action, which was the first-filed action, has been stayed, making it difficult for Hyundai to obtain the discovery it needs concerning the accused infringing products." But again, Hyundai is being disingenuous. First, TYC—LKQ's supplier for the accused products, produced all of the "the design and development of the accused products" in the ITC case except for the three patents at issue here but not there. And second, Hyundai can serve a subpoena on TYC (and any other suppliers) as it has done so already in the Kia district court case. While Hyundai claims that TYC objected to that subpoena on the basis that it was an attempt to circumvent the stay in the California Action, what Hyundai conceals is that after that objection TYC agreed that Kia could use all of the discovery it produced in the ITC Actions in the district court action Kia filed against LKQ. In other words, Hyundai's argument that it will somehow be prejudiced in this case if it is not stayed because it will not be able to get discovery from TYC in the California Action is not just wrong, and its reliance upon TYC's objection to the subpoena Kia issued is misleading given that the issue was resolved by TYC agreeing Kia could use all of the documents produced in the ITC.

Finally, the mere fact that the California Action was stayed does not benefit Hyundai. That action was stayed pursuant to an agreement between the parties, did not involve any input or

agreement of LKQ, and could have been done because TYC did not have the resources to litigate two massive patent infringement cases at the same time. Further, the stay of the California Action is not relevant to any of the factors Hyundai must demonstrate warrant a stay.

In sum, LKQ has already been prejudiced by the significant delay caused by Hyundai's motion to dismiss and the Court's stay of discovery. Extending that stay will only increase the prejudice. And in that regard, granting Hyundai's request to enter a briefing schedule permitting it to file a motion to continue the stay is just another delay tactic and should be rejected. Indeed, this issue has already been briefed in connection with LKQ's motion to lift the stay of discovery. Dkt. No. 61.

**Hyundai's Statement:**

Hyundai proposes that the Court continue the stay in this action until a final determination is reached by the U.S. International Trade Commission ("ITC") in the parallel ITC investigation involving Hyundai and LKQ, including exhaustion of all appeals. Hyundai also proposes that the date for Hyundai to file its answer and counterclaims be set to 14 days after the stay is lifted in this case. In the alternative, Hyundai requests that the Court set a briefing schedule for Hyundai to file a motion to continue the stay that is currently in place.

As discussed in Hyundai's Opposition to Plaintiffs' Motion to Lift Stay of Discovery (Dkt. No. 65), the parallel ITC proceeding involves many of the same patents and accused products as in this case. On January 24, 2023, the Chief Administrative Law Judge ("CALJ") in the parallel ITC proceeding issued an initial determination finding that all 20 asserted Hyundai patents to be valid and infringed by LKQ and its supplier, TYC. LKQ and TYC have petitioned for review of that initial determination to full Commission, and the parties are currently awaiting the Commission's decision. 12 out of the 15 patents currently at issue in this case are also at issue in

the parallel ITC investigation, and Hyundai expects that it will assert infringement claims for a number of the other patents at issue in the ITC investigation as counterclaims in this case.

Allowing the stay to remain in place until the ITC issues its final determination, including exhaustion of appeals, would likely narrow the issues to be resolved in this case. *See, e.g.*, *FormFactor, Inc. v. Micronics Japan Co.*, No. CV-06-07159 JSW, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) (granting discretionary stay of a case involving five patents, two of which were the subject of a co-pending ITC proceeding, because "issues relevant to the current proceeding will be addressed in the ITC proceeding. Therefore, the issues brought before this Court could potentially be much narrower after the conclusion of the ITC proceeding even though ITC rulings are not binding on this Court."); *Google Inc. v. Creative Labs, Inc.*, No. 16-CV-02628-JST, 2016 WL 6947564, at *3 (N.D. Cal. Nov. 28, 2016) (granting a discretionary stay during the pendency of a parallel ITC proceeding and its appeal because "[t]he Court does not want to find itself in the position of having made a decision on the validity of the [asserted] patent only to have the Federal Circuit issue an inconsistent opinion on appeal," and observing that "[c]learly, Congress thought that district courts would benefit from the guidance of the ITC and Federal Circuit, even if those decisions are only persuasive."); *Nobel Biocare Servs. AG v. Neodent USA, Inc.*, No. SACV141322DOCDFMX, 2014 WL 12573966, at *2 (C.D. Cal. Dec. 5, 2014) (granting a discretionary stay of a district court action during the pendency of a parallel ITC proceeding because "this case is in its earliest stage" and "[a] single action, as opposed to two seemingly identical concurrent actions, would also focus and streamline a determination of the relevant issues between the parties because the record developed by the ITC can be used to 'expedite proceedings and provide useful information' for the Court.") (citation omitted).

Continuation of the stay in this case is further warranted because Hyundai's patent infringement lawsuit against LKQ's supplier of the accused products in this case, TYC, in the Central District of California ("the California Action") has been stayed in its entirety until a final determination by the ITC in the ITC Proceeding, including exhaustion of all appeals. *See Hyundai Motor Company v. TYC Brother Industrial Co. Ltd. et al*., Case No.: 8:21-CV-00959-JLS-ADS, Jan. 24, 2022 (Dkt. No. 44, Stay Order). Hyundai filed the California Action in May 28, 2021, before LKQ filed its Complaint in the present case. LKQ has consistently taken the position that it does not have documents relating to the design and development of the accused products since those documents are in the possession of its suppliers. Continuation of the stay in this case would avoid prejudice to Hyundai because the California Action, which was the first-filed action, has been stayed, making it difficult for Hyundai to obtain the discovery it needs concerning the accused infringing products. Indeed, this has proven to be true in the co-pending case between LKQ and Kia in this district. Specifically, Kia has served a third-party subpoena on TYC regarding the accused infringing products it supplies to LKQ, and TYC has objected on the grounds that TYC is merely a third-party and because TYC contends that Kia's subpoena is attempting to circumvent the stay that has been entered by the Central District of California.

Thus, Hyundai requests that: (i) the Court continue the stay or, alternatively, that the Court set a briefing schedule for Hyundai to file a motion to continue the stay; and (ii) the Court set a date for Hyundai to file its answer and counterclaims 14 days after the stay is lifted in this case.

Dated: April 12, 2023                        IRWIN IP LLC

                                           By: _/s/ *Michael P. Bregenzer*_
                                           Barry F. Irwin
                                           Michael P. Bregenzer
                                           Robyn Bowland
                                           **IRWIN IP LLP**
                                           150 North Wacker Drive
                                           Suite 700
                                           Chicago, IL 60606
                                           (312) 667-6080
                                           birwin@irwinip.com
                                           mbregenzer@irwinip.com
                                           rbowland@irwinip.com

                                           **Attorneys for Plaintiffs,**
                                           ***LKQ CORPORATION and KEYSTONE***
                                           ***AUTOMOTIVE INDUSTRIES, INC.***

10

Dated: April 12, 2023                      Respectfully Submitted,


                                           By: /s/ Edward J. Naidich
                                           Edward J. Naidich
                                           K. Kevin Mun
                                           Guang-Yu Zhu
                                           MEI & MARK LLP
                                           818 18th St. N.W., Suite 410
                                           Washington, D.C. 20006
                                           (888) 860-5678
                                           enaidich@meimark.com
                                           kmun@meimark.com
                                           gzhu@meimark.com

                                           Paul Bartkowski
                                           Thomas R. Burns, Jr.
                                           Emi Ito Ortiz
                                           Bartkowski PLLC
                                           6803 Whittier Ave. Suite 200A
                                           McLean, Virginia 22101
                                           (571) 533-3581
                                           pbartkowski@bartkowskipllc.com
                                           tburns@bartkowskipllc.com
                                           eortiz@bartkowskipllc.com

                                           Anne Shaw
                                           SHAW LEGAL SERVICES LTD.
                                           540 W. Briar Pl., Ste. B
                                           Chicago, Il 60657
                                           (773) 453-4861

                                           **Attorneys for Defendants/Counterclaim-
                                           Plaintiffs**
                                           ***Hyundai Motors America, Inc. and
                                           Hyundai Motor Company***

11

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing document was served via ECF on April 12, 2023, upon all counsel of record.


/s/ *Gloria Rios*
Gloria Rios